UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:17 CR 00083 RL-APR |
| | ) | |
| WILLIAM A. MOIT | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by Assistant United States Attorney Jill R. Koster, the defendant William A. Moit and his attorney Adam B. Brower, and show the Court they have entered into a plea agreement as follows:

1. I, William A. Moit, can read, write and speak the English language.

2. I have received a copy of the Indictment. I have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in each Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which

1

may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

     5.    I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a.    If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b.    If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Indictment separately.

    c.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

    d.    At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me. I would be able to confront those government witnesses and my attorney would be able to cross-examine them. In turn, I could present witnesses and other evidence in my own behalf. If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

  e.  At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify. If I desired to do so, I could testify in my own behalf.

  f.  At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

  g.  In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

  a.  I will plead guilty to Count One of the Indictment charging me with Receiving Child Pornography, in violation of 18 U.S.C. §

2252(a)(2), because I am in fact guilty of this offense. I further acknowledge that I was previously convicted of Possession of Child Pornography in the Jasper County Circuit Court, Cause No. 37C01-9907-CF-0134, which is a state offense relating to the possession of child pornography under 18 U.S.C. § 2252(b)(1). Due to my qualifying prior conviction, I understand that the possible penalties that may be imposed upon me for my receipt of child pornography offense are listed below:

| Prison | Fine | Supervised Release |
|---|---|---|
| 15 years to 40 years | $250,000 | 5 years to Life |

I further understand that a special assessment of $100 will be imposed and is due and payable prior to my sentencing hearing.

b.  The following agreements in this paragraph are submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and are not binding upon the Court. I understand this means that if the Court refuses to follow the recommendations set forth in this paragraph, I will not be allowed to withdraw my guilty plea:

   i.  The United States of Attorney and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level. The United States Attorney and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level. However, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct

    including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. I further understand the Court is not bound by this recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

ii.    At the time of sentencing the United States Attorney shall recommend that I be sentenced to a fifteen (15) year term of imprisonment followed by lifetime supervised release.

iii.    For purposes of calculating how the U.S. Sentencing Guidelines apply to me, the United States Attorney and I have entered into the following additional agreements based upon the information presently available. I understand that if new information comes to light which bears upon these matters, the government is obligated to provide that information to the Court, and I agree not to argue that the government's compliance with this obligation constitutes a violation of this plea agreement. All references specific to the U.S. Sentencing Guidelines refer to the November 1, 2016 Guidelines Manual.

    A.    Under Guideline § 2G2.2, my Base Offense is Level 22 pursuant to subsection (a)(1), and the following specific offense characteristics apply to my conduct:

        i.    The two-level decrease under § 2G2.2(b)(1) applies because my conduct was limited to receipt and solicitation and I did not intend to distribute the material;

        ii.    The two-level increase under § 2G2.2(b)(2) applies because my material involved one or more prepubescent minors;

        iii.    The four-level increase under § 2G2.2(b)(4) applies because my material portrayed one or more minors engaging in sadistic or masochistic conduct

        or other depictions of violence;

    iv. The five-level increase under § 2G2.2(b)(5) applies because I engaged in a pattern of activity involving the sexual abuse or exploitation of one or more minors;

    v. The two-level increase under § 2G2.2(b)(6) applies because I used a computer to receive some of my material; and

    vi. The five-level increase under § 2G2.2(b)(7)(D) applies because my offense involved over 600 images.

  B. Under Guideline § 2G2.1, my Base Offense Level is 32 pursuant to subsection (a), and the following specific offense characteristics apply to my conduct:

    i. The two-level increase under § 2G2.1(b)(1) applies because my material involved one or more prepubescent minors;

    ii. The four-level increase under § 2G2.1(b)(4) applies because my material portrayed one or more minors engaging in sadistic or masochistic conduct or other depictions of violence.

Based on either calculation, The United States Attorney and I agree that I score out at Level 38 or higher under the U.S. Sentencing Guidelines prior to application of any reduction based upon my acceptance of responsibility.

c. As part of this agreement, I agree to cooperate fully, truthfully, and candidly with the United States Attorney or his designated representatives as to my knowledge of or involvement in, any violation of federal or state law; I understand that the nature of my cooperation herein shall be defined by the United States Attorney; this cooperation may include, but not be limited to, my agreement, if requested to do so, to discuss fully, truthfully, and

    candidly my knowledge of all criminal activities with representatives of the United States Attorney including designated law enforcement agencies, and to testify truthfully and completely before any grand jury, and at any hearings, trials, or other judicial proceedings.

d.  The United States Attorney agrees that I will not be prosecuted further by the United States Attorney's Office for the Northern District of Indiana for any violation of federal criminal law occurring in the Northern District of Indiana, the circumstances of which I disclose as part of my cooperation; however, I understand that this agreement does not protect me in any way for committing perjury or giving false statements, nor for testifying falsely in any grand jury or judicial proceedings.

e.  I understand that at the time of sentencing, the United States Attorney will advise the Court of the nature, extent and value of my cooperation. I also understand that the United States Attorney has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense(s) as well as the full extent of my criminal history and cooperation.

f.  As part of this agreement, I understand that the United States Attorney may seek to defer my sentencing until such time as my cooperation is complete.

g.  I agree to pay restitution in the amount of $5,000 per victim to any victim of my offense in Count 1 of the Indictment who may be identified and requests restitution prior to sentencing, with the caveat that if the total number of victims identified results in an amount of restitution exceeding $50,000 in total, neither party shall be bound by this subsection and the restitution amount will be renegotiated or litigated.

h.  I agree to forfeit to the United States the following property:

    A. Toshiba Automatic backup portable hard drive, S/N 427KF9XISRE8;

  B. Toshiba media storage device, S/N 5244T33JTTS8;

  C. Dell Vostro laptop, S/N 97T3SQ1; and

  D. CEFC Blue and Black thumb drive.

I acknowledge that all property covered by this agreement is subject to forfeiture as property that was used and intended to be used to commit and to promote the commission of the offense charged in Count 1 of the Indictment. I further consent to the entry of orders of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2.

i. I understand that by pleading guilty, I will be required to register as a sex offender upon my release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). I also understand that independent of supervised release, I will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout my life. I understand that I will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements.

j. The United States Attorney and I agree to recommend that the Court order me to undergo a sex offender evaluation pursuant to 18 U.S.C. § 3552(b) upon my release from prison. I understand that it will be my obligation to secure this evaluation from a qualified mental health professional experienced in treating and managing sexual offenders, such as a member of the Association for the Treatment of Sexual Abusers (ATSA). In this regard, I agree to waive any right to confidentiality and allow the provider conducting the psycho-sexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Department, the Court and the United States Attorney.

k. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to

impose any sentence within the statutory maximum set for my offenses as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the Court the facts in this matter that cause me to believe I am guilty of Count One. I acknowledge that I am only providing a summary of the events herein. In connection with my guilty plea, I admit the following facts:

   a. Between on or about November 1, 2014 and on or about October 23, 2015, here in the Northern District of Indiana, I knowingly received, using a computer connected to the Internet, 111 images and 157 videos depicting actual minors, some of whom were under the age of twelve (12) and all of whom were under the age of eighteen (18), engaging in sexually explicit conduct, including sadistic or masochistic conduct or other depictions of violence.

   b. Further, since the late 1990's, I admit that I have paid approximately $50,000 to minors who engaged in, or to adults who caused minors to engage in, various acts including acts constituting sexually explicit conduct and that I did so for the purpose of producing visual depictions of that conduct.

    c. Finally, I acknowledge that I was previously convicted of Possession of Child Pornography in the Jasper County Circuit Court, Cause No. 37C01-9907-CF-0134, which is a state offense relating to the possession of child pornography under 18 U.S.C. § 2252(b)(1),

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (a) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of all the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (b) the United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed

with the court, is a public document and available for public viewing.


*/s/ William A. Moit*               */s/ Adam B. Brower*
William A. Moit                     Adam B. Brower
Defendant                           Attorney for Defendant



APPROVED:


    THOMAS L. KIRSCH, II
    United States Attorney


By:   */s/ Jill R. Koster*
    Jill R. Koster
    Assistant U. S. Attorney