UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 2:17-CR-83-PPS |
| | ) |
| WILLIAM A. MOIT, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before me on William Moit's pro se letter [DE 60] and the supplemental brief in support of compassionate release filed by Federal Defender, Matthew Soliday, after he was appointed to represent Moit [DE 67]. Moit is a 73 year old male with severe underlying health issues including Type 2 Diabetes, possible COPD (chronic obstructive pulmonary disease), prior strokes and hypertension. He is currently incarcerated at FCI Elkton in Lisbon, Ohio, which is an institution that has been particularly hard hit with the COVID-19 health pandemic. The government does not oppose compassionate release for Moit. [DE 68.]

On July 9, 2018, Moit pled guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). [DE 1, 27.] On September 30, 2019, I sentenced Moit to serve 108 months of incarceration to be followed by 10 years of supervised release. [DE 56.] With credit for time-served which began at the time of his arrest in 2017, Moit has less than five years left to serve on his sentence. [DE 6, 9.] His projected release date is March 22, 2025. [DE 67 at 6.]

Moit contends that his medical conditions, combined with his age and the high rate of infection of prisoners at FCI Elkton, justify his early release to home detention. Within the BOP, he is limited to sedentary work, cannot work around dangerous machinery, and is required to sleep in a lower bunk. [DE 68-1 at 34.] He suffers from Type 2 Diabetes, hyperlipidemia, hypertension, has a spastic colon, an enlarged prostrate, in 2015 and 2017 he suffered from transient ischemic attacks (mini strokes), and has suffered from stomach cramps since the 1970s. [*Id.* at 43-44, 16.] Moit's lungs have been x-rayed twice and the BOP medical staff has noted hyperinflation both times. [*Id.* at 75, 71.] The most recent report states: "[h]yperinflation of the lungs [is] compatible with COPD." [*Id.* at 71.] His vision is also deteriorating with age and he has age-related cataracts. [*Id.* at 8-10, 43, 46.] Moit takes nine different prescription medications at least one time a day for these various illnesses. [*Id.* at 30.]

The instant request is for compassionate release under the First Step Act.  Moit bears the burden of showing he is entitled to compassionate release.  *See United States v. Greenhut*, No. 2:18-CR-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31. 2020). Compassionate release is "an extraordinary and rare event."  *United States v. Mangarella*, 3:06-cr-151-FDW-DCK-3, 2020 WL 1291835, at *2-3 (W.D.N.C. Mar. 16, 2020).  Despite its uncommonness, in this case, Moit has shown he is entitled to compassionate release.

First, Moit has properly exhausted his administrative remedies. The First Step Act provides that I can consider a motion directly from the defendant after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

2

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Moit submitted a request for compassionate release to the warden, and received notice of the denial of his request. [DE 62.] Moit appealed, and his appeal was rejected on June 9, 2020. [DE 67-1.] Therefore, he has exhausted his administrative remedies.

Next, the First Step Act provides that the Court may reduce the term of imprisonment after considering the factors set forth in section 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In other words, the compassionate release statute directs me to make three considerations: (1) whether a reduction is consistent with the factors listed in section 3553(a); (2) whether extraordinary and compelling reasons warrant a sentence reduction; and (3) whether a reduction would be consistent with the Sentencing Commission's policy statements. These considerations weigh in favor of release in this case.

The section 3553(a) factors include the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed. 18 U.S.C. § 3553(a).

Here, Moit pleaded guilty to a very serious offense, receipt of child pornography. Prior to being charged, he had only one previous conviction in 2000. While at the BOP, Moit has had no disciplinary problems. The government "concedes that, given his age and quickly deteriorating health, Defendant poses a minimal risk of danger to the safety of another person and the community *so long as* he is placed on a period of 3 years of home confinement as an additional condition of his already-imposed 10-year-term of supervised release with all previously imposed conditions remaining in effect." [DE 68 at 5 (emphasis in original).]

In turning to whether there are "extraordinary and compelling reasons [that] warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" 18 U.S.C. § 3582(c)(1)(A), I note that the pertinent policy statement is set forth in the United States Sentencing Guidelines (USSG) § 1B1.13. The Sentencing Commission provided specific examples of what constitutes an extraordinary and compelling circumstance, which include, *inter alia*: the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover"; or other reasons as determined by the Director of the BOP. USSG § 1B1.13 cmt. n. 1.

Here, Moit's advanced age of 73 plus his Type 2 Diabetes, possible COPD, prior strokes, and hypertension do qualify as an extraordinary or compelling reason to modify his sentence. The CDC has established a list of people at increased risk for

4

severe illness from COVID, which includes individuals with COPD, serious heart conditions, and Type 2 Diabetes. Https://cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Additionally, older adults are at greater risk, as 8 out of 10 COVID-19 deaths reported in the United States have been in adults 65 years old and older. Https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.htlm. Moit's health conditions, combined with the high risk of contracting COVID-19 at FCI Elkton, which I will discuss next, are factors that justify his release. *See, e.g., United States v. Rodriguez*, No. 2:03-cr-00271-AB-1, 2020 WL 1627331 (E.D. Penn. Apr. 1, 2020) (granting compassionate release for prisoner at FCI Elkton who had health conditions that made him especially vulnerable to COVID-19); *United States v. Jackson*, 2:18-cv-86-PPS, 2020 WL 3396901 (N.D. Ind. June 19, 2020) (granting compassionate release for prisoner at FCI Elkton who had underlying health issues including hypertension and obesity).

There seems to be a very real risk that Moit could contract COVID-19 while at FCI Elkton. Although the numbers are constantly changing, and the data is somewhat difficult to interpret, Moit's attorney has submitted that as of June 21, 2020, there are 1,338 federal inmates and 169 BOP staff who have confirmed positive tests for COVID-19 nationwide [DE 67 at 5] and the government has posited that although the numbers may be changing at FCI Elkton now, at one point recently, as many as 438 inmates had tested positive for COVID-19. [DE 68 at 2.] According to the government and the BOP's website, as of June 26, 2020, FCI Elkton still has 140 confirmed active inmate cases of

5

COVID-19.  *Id.*  In response to civil litigation involving FCI Elkton, Moit was listed as a vulnerable inmate. [DE 67 at 3.]  In addition to Moit's underlying health issues and the high risk of developing COVID-19 at FCI Elkton, I agree with the government that with stringent supervision, Moit will not pose a danger to society if he is released.

Finally, Moit has submitted that if released, he would live with his wife in Westfield, Indiana.  [DE 67 at 6.]  I think her home would be an appropriate place for Moit to serve a term of home confinement.

For all of these reasons, I find that Moit has shown the factors under section 3553(a) warrant release and that extraordinary and compelling reasons warrant such a modification under § 3582(c)(1)(A).  Moit is not a danger to the safety of any person or the community, he has severe underlying health conditions and an advanced age that make him at risk for developing complications with COVID-19, and FCI Elkton has a high rate of infection.

## Conclusion

For the reasons stated above, William Moit's pro se letter [DE 60] and the supplemental brief in support of compassionate release filed by Federal Defender Matthew Soliday after he was appointed to represent Moit [DE 67] are GRANTED.  IT IS ORDERED that Defendant William Moit's term of imprisonment is reduced to time served, to be followed by a 10-year term of supervised release, with all prior conditions of supervised release reimposed and the additional special condition that the first 3 years of supervised release be served on home confinement, with electronic monitoring,

in the home of Moit's wife in Westfield, Indiana. Moit's counsel is ORDERED to promptly provide the address of Moit's wife's home to the U.S. Probation and Pretrial Services. IT IS ORDERED that Moit shall be released from the custody of the Bureau of Prisons IMMEDIATELY, as soon as the release plan is implemented, and travel arrangements can be made. Moit shall remain self-quarantined for 14 days after release. The Clerk of Court is ORDERED to send a copy of this Order to the Warden of FCI Elkton.

SO ORDERED.

ENTERED: June 29, 2020.

    /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT